454 'APPELLATE COURTS OF ILLINOIS.

Starr et al. v. Stanard-Tilton Milling Co., 183 Ill. App. 454.

## James F. Starr and August J. Struif, copartners, Appellees, v. Stanard-Tilton Milling Company, Appellant.

1. ADJOINING LANDOWNERS, § 1*—*when reservation of lateral support not implied in deed.* Where the owner of a building and land sells the unimproved land adjoining the building and conveys it by deed without any reservation, there is no implied reservation of lateral support to the building in favor of the grantor.

2. ADJOINING LANDOWNERS, § 1*—*when negligence in constructing building is for jury.* Where in an action by an owner of a building against an adjoining owner for erecting a building that in settling disturbed the lateral support of plaintiff's building, causing damage to the same, there is evidence of negligence in placing an elevator of great weight upon a mattress foundation, that defendant knew its building would be liable to sink but expected the sinking to be uniform, which was not the result, and that reasonable prudence would have caused the foundation to be placed upon piling, the question of negligence in construction is for the jury.

3. MASTER AND SERVANT, § 854*—*when employer liable for work of independent contractor.* Where a building is injured by an adjoining landowner disturbing the lateral support in erecting a building, and the plans and specifications, though prepared by an independent contractor, were adopted by the landowner, and the contractor was compelled to use them in erecting the building, if the negligence causing injury is not in the workmanship or the materials furnished by the contractor but in the plans and specifications, and the injury resulted directly from the acts called for or rendered necessary by the contract and not from collateral acts, the employer of the contractor is liable.

4. MASTER AND SERVANT, § 866*—*when reputation of independent contractor may not be shown.* In an action by the owner of a building for damages sustained by the erection of a building by an adjoining landowner evidence is inadmissible that defendant investigated the standing, experience and reputation of its independent contractor who erected the building.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 9, 1913.

LEVI DAVIS and WILLIAM P. BOYNTON, for appellant.

J. V. E. MARSH, for appellees.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Mr. Presiding Justice McBride delivered the opinion of the court.

The plaintiff obtained a judgment against the defendant for one thousand eight hundred and eighteen dollars to reverse which the defendant prosecutes this appeal.

The appellees were the owners of several lots located on the north side of Second street in the city of Alton, and had been since December 26, 1900, and were possessed of a building thereon which extended up to the east line of said lot 24. Appellant applied to appellees and obtained an option upon lot 24, less twenty-two inches off of the east side thereof, to be used by appellant in the building of an elevator, and on June 7, 1909, appellees conveyed the said lot 24, reserving twenty-two inches off of the east side thereof, to the appellant for a consideration of twenty-five hundred dollars. After the purchase of said lot appellant procured plans and specifications for the erection of an elevator upon said lot from Heine Chimney Company; such elevator to have a storage capacity of one hundred thousand bushels of grain, and was to have four circular storage bins, having an internal diameter of 20 ft. 6 in., and a clear height above concrete foundation of 99 ft. When the Heine Chimney Company submitted the plans and specifications to appellant for acceptance the appellant made the following acceptance thereof: "We hereby accept your proposition of June 11th for the erection of a grain storage elevator at our plant in Alton, Illinois, with the understanding that you are to test the ground and if piling is found to be necessary that you are to report to us the cost of driving the necessary piles, and we are then to have the optional right of either paying this extra or of cancelling the contract." The contract itself provided that all labor, material, scaffolding, excavating, etc., necessary for the erection and equipment complete for the grain storage elevator, including bins, were to be made by the Heine Chimney Company. Upon the execution

of this contract by appellant the said Heine Chimney Company proceeded to excavate the ground and build the elevator according to the contract, plans and specifications theretofore executed by appellant. In the excavation the foundation soil was of a creek bottom character and carrying with it mud and fine sand, and as the building was located near the river, the water when the river was up would percolate through the sand and mud and cause the earth to be of a jelly-like substance. Tests were made by the contractors for the purpose of ascertaining the character of foundation necessary to support the weight, and dug down about eight to ten feet and deeper than the wall of appellee's building located immediately west, and up to the line of lot 24. It further appears from the evidence that the foundation was made of reinforced concrete, commonly called a mattress foundation, having a concrete slab covering the whole of the ground, with crossed walls and banded together with steel bands so that the building would settle uniformly. The building when completed and filled with wheat would weigh approximately eighteen million pounds. The building was completed by the Heine Chimney Company according to the terms and provisions of the contract, and after its completion the building sunk the distance of about twelve inches or more and in sinking it dipped to the front and leaned to the west about eighteen inches, and in this process of sinking and dipping it is claimed that the soil under appellee's building was disturbed which caused their building to be injured.

The declaration consists of two counts, the first of which alleges that by selling and conveying lot 24, except twenty-two inches off of the east side thereof, on June 7, 1909, that with the severing and conveying of said portion of lot 24, while appellees' building was standing on the balance of said tract, the plaintiff became entitled to the right of lateral support for the balance of said tract and the said building, and that the defendant had no right in any manner to interfere

with said lateral support for said building but that defendant did in violation of plaintiff's rights wrongfully cause an excavation to be made deeper than the foundation of plaintiff's building and erected thereon at a great height a narrow building of great weight, and that said building after being erected sank to the depth of, to wit, two feet, and in such sinking destroyed the walls of plaintiff's building.

The second count alleges that the ground at the bottom of the excavation was soft and muddy in character to a considerable depth below the bottom of the excavation, and that the defendant negligently, carelessly and wrongfully caused to be erected upon said soft and muddy ground the said elevator, and knowing the character of the ground and that the said elevator would necessarily settle and injure plaintiff's building. To this declaration the defendant filed a plea of general issue.

While appellant has assigned several errors, they may all be included in the following proposition: First, that under the facts in this case no duty devolved upon appellant to furnish lateral support for appellees' building; second, that there was no negligence in the construction of the building and if there was such negligence it could not be imputed to appellant for the reason that the building was planned and constructed by an independent contractor; third, that the court erred in excluding evidence offered by the plaintiff as to the reputation of the independent contractor, and also erred in some of the instructions.

Viewing the case as we do we think it is to be determined by the first and second propositions. It is claimed by appellees that inasmuch as its building was standing upon a portion of the ground at the time of the sale wherein the appellant purchased the unimproved land, that he received it charged with the duty of supporting not only the soil of appellees' lot but also the house thereon and that it was immaterial whether the appellant was guilty of negligence or not

in the erection of its elevator, if it disturbed the building of appellees the liability would be incurred by appellant for the damage done to appellees' building, regardless of the question of negligence. Counsel for appellees have in their brief referred to several authorities, some of which in express terms sustain his contention; notably, the case of *Stevenson v. Wallace*, 27 Grat. (Va.) 88; and the case of *Tunstall v. Christian*, 80 Va. 5. While these authorities seem to sustain appellees' position, we do not believe that the doctrine announced therein is sound, or can be the law of this State under the decisions of our courts with reference to the effect of contracts. Upon examining Washburn upon Easements, and other recognized authorities, we find the question of implied grant and reservation of this right in case of such sales discussed, and the authorities appear to hold that while an implied grant for lateral support of the building under such circumstances may arise in favor of the grantee, under such circumstances that no such implied grant or reservation can arise in favor of the grantor, as it would be in direct impairment of his express grant; that if the grantor desired to make any reservation whatever it should have been contained in his deed. It is said in Reeves on Real Property (special subject) page 175: "The purchaser may have the benefit of all fair implications and intendments; and so the severance of an entire tract may impliedly confer upon him an easement if it be reasonably necessary to the enjoyment of his property. But, say these latter cases, the general rule is that the vendor cannot have the benefit of any such presumption to the impairment of that which he has expressly granted, and when he is to have the easement over land that he has absolutely conveyed he must be able to establish it by express contract or reservation." The same author in section 139, says: "And the other principle, which has caused a wide distinction to be made in this connection between implied

grants and implied reservations or easements is that a grant is to be construed most strongly against the grantor and in favor of the grantee.'' We cannot accede to the doctrine that notwithstanding the grantor makes conveyance for a valuable consideration to the grantee of a part of his close without reservation, that he could justly or lawfully say that notwithstanding reservations were not made yet the grantee must accept the land for which he is paid full price, with unmentioned and probably unknown burdens in favor of the grantor. It is claimed by counsel for appellees that this has been determined by our Supreme Court in the case of *City of Quincy v. Jones,* 76 Ill. 241, where the court says: ''Where a common owner of the soil originally held both parcels, that on which the plaintiff's house was built, and that which the defendant subsequently excavated, it is held the defendant is charged with the duty of supporting, not merely the soil, but the house of plaintiff's parcel. *Harris v. Ryding,* 5 M. and W. 71; *McGuire v. Grant,* 1 Dutcher, 356. Likewise, where the buildings are ancient, or those which have been erected on ancient foundations, and which, by prescription, are entitled to the special privilege of being exempted from the spirit of reform, the owner is said to be entitled to full protection against the consequence of any new excavation. * * * No claim is made that the present case falls within the first exception, but it is argued that it is within the last, and this brings us to the second question in the order of the argument.'' It will be observed that the question now under consideration was not before the court in the case of *City of Quincy v. Jones, supra,* and the court there only undertook to tell what other courts had held with reference to that question as well as the question of prescription; and Judge Scholfield in treating that case says, in effect, that he does not give any consideration to the question of the right of lateral support by implied reservation but proceeds to dem-

460    APPELLATE COURTS OF ILLINOIS.

Starr et al. v. Stanard-Tilton Milling Co., 183 Ill. App. 454.

onstrate that no such right exists by prescription, as claimed, for the support of which proposition he had already referred to authorities, the same as in support of the former proposition. So we say that this case cannot be considered as determining the question of the implied reservation of lateral support in favor of the grantor in the deed.

The second proposition and the one relating to the liability of the defendant for negligence in the construction and building of this elevator so that it was liable to sink and destroy plaintiffs' wall, was, we think, a question of fact properly determinable by the jury who tried the case. There was evidence tending to show negligence upon the part of the appellant in placing an elevator of the character of this one with its weight and the weight it would be required to support upon a foundation of the kind used, and that appellant had reason to believe that it was liable to sink but that he expected the sinking of the building to be uniform, which was not the result; that reasonable prudence for the safety of his neighbor's wall as well as his own building would have caused him to have placed the foundation upon piling.

It is said by counsel for appellant that even if there was negligence in the construction of the building that it was not built by appellant but was planned and built by the Heine Chimney Company, independent contractors, and that if negligence existed appellant is not liable. It is true that the evidence discloses the plans and specifications were prepared by the Heine Chimney Company, an independent contractor, and the evidence shows that such company was skilled in business of this character, the plans and specifications under which the building was erected, while not made by it, were the plans and specifications of appellant, executed by it, and the Heine Chimney Company were compelled under the contract with appellant to erect the building according to these plans and specifications, and if the negligence causing the injury is not in

the workmanship, or the materials to be furnished by the contractors, but in the plans and specifications of the work then the owner is liable. *Lancaster v. Connecticut Mutual Life Ins. Co.,* 92 Mo. 460. In this case there was the application under the law of an adjoining landowner to erect his building so as not to negligently destroy the walls of appellees' building, and we do not understand that where the law imposes upon one an obligation that he can escape liability for the performance of that duty by securing it to be performed by an independent contractor. If the injury results directly from the acts called for or rendered necessary by the contract and not acts which are merely collateral to the contract, the employer is liable as if he had himself performed such acts. Am. & Eng. Ency. of Law, vol. 16, p. 196. We think the correct doctrine is laid down in the case of *Robbins v. City of Chicago,* (4 Wall.) 71 U. S. 657, where it is said: "Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, rule is that the employer is not liable; but where the the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party." And the same doctrine is announced in the case of *Thomas v. Harrington,* 72 N. H. 45, 65 L. R. A. 748, and many other cases there referred to. We do not believe that the doctrine of independent contractor here invoked will excuse the appellant from the negligent acts complained of; that a liability exists where the adjacent soil is not removed with reasonable skill and care there can be no doubt. It is said in the case of the *City of Quincy v. Jones, supra*: "It is required of the owner of the soil, having the right to excavate notwithstanding there are buildings upon the adjacent

soil, that he shall exercise the right with reasonable skill and care, in view of the character of the buildings and the nature of the soil, so as to avoid doing unnecessary injury to the buildings. *Foley v. Wyeth,* 2 Allen, 131; and whether reasonable skill and care have been exercised, in view of all the circumstances in a given case, is a question of fact for the jury.''

It is next complained that the court erred in refusing to permit appellant to prove that its superintendent made investigation as to the standing of the Heine Chimney Company and their experience and reputation for the construction of such buildings. This gentleman, Mr. Corbett, was asked to tell what investigation he had made as to the buildings constructed by this company, which was objected to and objection sustained. We do not believe that the court erred in this matter as we think it is immaterial as to their reputation or as to their having constructed buildings at Terre Haute, Milwaukee or any other place. If this work was negligently done their reputation would not excuse appellant from the negligent plans adopted by him for the construction of this building. It appears, however, from the evidence that when the structural engineer was upon the witness stand he was asked by counsel for appellant, and permitted to tell of the experience that the Heine Chimney Company had had in the construction of buildings of this character, and did detail to some length its experience in these matters. We do not see any serious error in this.

The next contention is that the court erred in refusing first, fifth, sixth and seventh of appellant's refused instructions. These instructions were properly refused as they are along the lines discussed in this opinion, advising the jury that if the negligence was the work of an independent contractor that this would excuse the defendant, and for the reasons above suggested we think the court did not err in refusing them.

Complaint is also made of the court's refusal to

submit certain special interrogatories offered by appellant for submission to the jury. We have examined these interrogatories and do not believe that the first three were material for the reasons heretofore stated, and the last two only call for evidential facts, and while we think there would be no error in the submission of the last two, that the refusal thereof is not reversible error.

Under the law the jury are authorized to determine whether or not the defendant was guilty of the negligence charged and we can see no reason for disturbing its verdict, and we do not believe that the court committed any reversible errors in the trial of the case and the judgment of the lower court is affirmed.

*Judgment affirmed.*