American Telephone and Telegraph Company, a Corporation, v. Clarence J. Leveque, et al. etc.
Clarence J. Leveque, Don Leveque, and Charles Leveque, Individually, and as Copartners, Doing Business as Leveque Farm Service, Appellants, v. Clara Lesch and Wesley Marion, Appellees.

**Gen. No. 11,427.**

Second District, First Division.
April 12, 1961.

Butz, Blanke & Stith, of Kankakee, for appellant.

Bell & Smith, of Watseka, and Stifler & Snyder, of Danville, for appellee.

DOVE, J.

American Telephone and Telegraph Company, hereinafter referred to as the Telephone Company, filed its complaint in the circuit.court of Kankakee County to recover damages from Clarence J. Leveque, Donald Leveque and Charles Leveque, partners, doing business as Leveque Farm Service, hereinafter referred to

as Farm Service. The complaint described a certain tract of land in Kankakee County and alleged that it had installed a transmission cable in and along an easement which it owned by grant beneath the surface of said described premises. It was then alleged that this cable was used for providing interstate communication service and charged that defendants, independent contractors, while digging a trench across said land damaged said cable resulting in a loss to the plaintiff of $19,608.93 for which amount plaintiff demanded judgment.

The defendants answered the complaint and filed a third-party complaint. This third-party complaint alleged that on or about January 14, 1947 Clara Lesch was the owner of the land described in the original complaint and at that time she granted to the Telephone Company the easement referred to in the complaint; that in accordance with the provisions of the easement so granted by the owner Clara Lesch to the Telephone Company, the Telephone Company prior to September 18, 1957 constructed its underground cable across said land and that the exact location, position and depth of said transmission cable were all fully known to the defendants, Clara Lesch and Wesley Marion.

The third party complaint then alleged that the premises were used for agricultural purposes and were occupied and farmed by defendant, Wesley Marion, who was and is, the tenant of the said Clara Lesch; that prior to September 18, 1957 defendants Clara Lesch and Wesley Marion engaged Farm Service to excavate a trench or ditch over the described land of Clara Lesch for the purpose of laying a drain tile therein and averred that the course for the excavation of said trench or ditch for the laying of said tile was laid out and given to Farm Service by Clara Lesch

and Wesley Marion. It was then averred that it was the duty of Clara Lesch and Wesley Marion to inform Farm Service of the location, position and depth of said underground cable in connection with the work which Farm Service was engaged to perform and charged that defendants Clara Lesch and Wesley Marion breached this duty by negligently and carelessly permitting defendants to operate a digging machine over and across the described premises and into the underground cable of the Telephone Company resulting in said underground cable being cut and damaged. The pleader then concluded that the damages sustained by the Telephone Company were proximately caused by the failure of the third party defendants to notify the Service Company of the exact location of the Telephone Company's underground cables.

This third-party complaint prayed that in the event a judgment is rendered in this cause in favor of the Telephone Company in its complaint against the Service Company that then a judgment in favor of the Service Company be rendered against the third-party defendants, Clara Lesch and Wesley Marion, for the full amount of said judgment together with attorney fees and moneys expended by the Service Company in the defense of the claim against the Service Company by the Telephone Company.

By their amended motion to dismiss this third-party complaint defendants insist (1) that these third-party plaintiffs seek to enforce contribution from a joint tort feasor which is not permitted by the law of Illinois; (2) that the defendant, land owner and defendant, tenant, were misjoined as parties defendant; (3) that defendant, land owner, Clara Lesch, is not liable for the negligent acts of Farm Service, an independent contractor; and (4) that the tenant, Wesley Marion is not liable to Farm Service because Farm

123

Service had equal opportunity with this defendant to know of the existence, position and depth of the underground cable.

The trial court sustained the amended motion of the defendants to dismiss this third party complaint on the ground that the parties were joint tort feasors and contribution or indemnification is not permitted under the facts alleged. Thereupon an appropriate order was entered dismissing this third party complaint. This order contained a finding that no just reason exists for delaying an appeal and the record is before us for review upon the appeal of Farm Service.

Counsel for appellees insist that the tort upon which this action is based was committed by appellants and that they are the only persons responsible for cutting this cable; that under no circumstances should appellees be required to indemnify appellants because, under the authorities, indemnity is granted only to innocent parties. Counsel for appellants concede that it was their machine that they were operating in digging the trench when the cable was cut but reply that the course which they followed in digging the trench was laid out and given to them by appellees and that appellees knew the exact location, position and depth of the underground cable and permitted appellants to operate their digging machine so that the underground cable was cut.

In Chicago Rys. Co. v. R. F. Conway Co., 219 Ill. App. 220 it appeared that the plaintiff, Railways Company, under an agreement with the City of Chicago, was required to remove a portion of the pavement in a public street in the City of Chicago. The Railways Company employed the defendant Conway Company to do this work. While the work was in progress one Zientek, a motorcycle policeman ran into the excavation made by the Conway Company and was injured. Mr. Zientek brought suit against both the Railways

124

Company and the Conway Company and recovered a judgment against both defendants. The Railways Company paid the judgment and brought this action for indemnity against the Conway Company. It was insisted by the Railways Company in its action against the Conway Company that it was only technically guilty of negligence and that the party really at fault was the Conway Company. The Conway Company insisted that the evidence in the original proceeding established the fact that the Railways Company was more than technically guilty of negligence; that the Railways Company and the Conway Company were joint tort feasors and therefore an action for indemnity would not lie.

In affirming the judgment of the trial court in favor of the plaintiff, Railways Company and against the Conway Company the court stated (p. 223) that the general and long established rule of law is that neither contribution nor indemnity will be given to one of several joint tort feasors against the others but that the rule is only applied to causes of intentional or conscious wrongdoing. The court (p. 223) then quoted from Lowell v. Boston and L. R. Corporation, 23 Pick 24 as follows, viz: "Our law, however, does not in every case disallow an action, by one wrongdoer against another, to recover damages incurred in consequence of their joint offense. The rule is, in pari delicto potior est conditio defendentis. If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely malum prohibitum, and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties

125

and to administer justice between them, although both parties are wrongdoers". The court then stated (p. 224) that the record in the personal injury case was in evidence in the indemnity case and it appeared from that record that a permit to do the work was issued to the Railways Company by the city, that after the permit was issued to the Railways Company it employed the Conway Company to do the work and that the Conway Company had complete charge of the work; that it cut and removed some of the asphalt alongside the track and temporarily filled it up and placed warning lights at the place in question when its men quit work in the afternoon. After further reviewing the record in the personal injury case the court concluded, (p. 224) "We think it clear, therefore, that plaintiff and defendant here were not in pari delicto in the personal injury case and defendant being guilty of the greater wrong, the plaintiff having paid the judgment is entitled to indemnity".

The Pennsylvania Co. v. Roberts and Schaefer Co., 250 Ill. App. 330 was an action brought to recover a substantial amount which plaintiff had paid one of its firemen for injuries which the fireman had sustained through the alleged negligence of the Roberts and Schaefer Company. It appeared that plaintiff's fireman was injured through the faulty manner in which the Roberts and Schaefer Company had attached a counterweight on an arm of a sanding plant which the Roberts and Schaefer Company had built for the plaintiff company. The court held that the facts in the case showed that the plaintiff while liable to its injured fireman was not in pari delicto with the contractor and in commenting upon an instruction concluded (p. 335) "The plaintiff and defendant not being in pari delicto, the rule of law which prevents contribution or indemnity between joint tort feasors does not apply and the instruction was wrong".

126

In 13 Am. Jur. Contribution, sec. 37 it is said that the judicial declaration is generally made that as among or between joint wrongdoers there can be no contribution, and one of several persons who become liable to another for a delict cannot, if compelled to discharge the whole, or more than his share, of such liability, enforce contribution from his co-wrongdoers; that the language of the authorities is ordinarily broad enough to support this statement yet, in view of the exceptions and limitations generally recognized, most of the decisions may properly be said to stand only for the narrower rule that as between conscious, wilful, malicious or intentional joint wrongdoers or tort feasors who are in pari delicto, neither the law nor equity will intervene to adjust the damage by enforcing contribution.

In Section 40 of the same article it is said that a well recognized limitation or exception to the rule that there can be no contribution among wrongdoers occurs where there is not a known, meditated or intentional wrong and that this limitation or exception is recognized not only where contribution is sought but also where one tort-feasor seeks indemnity from another and that whenever indemnity is free from the taint of illegality, in the absence of contract, under a corresponding state of facts, the equity of contribution may arise.

"It is generally held" continues this article (sec. 47) "that the rule denying contribution between joint tortfeasors does not apply to a case where one does the act or creates the nuisance and the other does not join therein, but is thereby exposed to liability. The party whose liability is constructive or derivative merely, and who has been forced to respond in damages, may obtain redress against the actual wrongdoer. It is so held in cases where the claimant, without any actual fault of his own, has been held liable for the defend-

ant's act upon the doctrine of respondeat superior. It is also held that the general rule against contribution between wrongdoers does not apply to a case where the plaintiff has been compelled to pay damages to the injured party for an act, not manifestly wrong or involving moral delinquency, which he himself committed, with no intention of doing wrong, as the agent, servant, or contractor of the defendant at the latter's behest. As to such an act, the plaintiff is not in pari delicto with the defendant". (13 Am. Jur. Contribution sec. 47).

■ In support of the text Horrabin v. Des Moines, 198 Iowa 549, 199 N. W. 988, 38 A.L.R. 554 is cited among other cases and following the citations appearing in note 6, page 44, 13 Am. Jur. Contribution, sec. 47 it is stated that this exception is an application of the established rule that a principal is bound to indemnify his agent for loss resulting proximately from the good faith execution of the agency.

In Horrabin v. Des Moines, supra, it appeared that the plaintiff entered into a contract with the City of Des Moines to construct a bridge. The contract provided that the city would procure the necessary right of way for the construction of the bridge and approach. In doing the work the contractor trespassed upon the property of Central Ice Company. The Ice Company brought suit against Horrabin, the contractor, and the city to recover for the damages resulting from the trespass and recovered a judgment against both defendants which was paid by Horrabin who then brought the instant suit against the city to recover the amount he had paid the Ice Company.

In affirming the judgment of the trial court for the plaintiff the supreme court of Iowa said: "Where one is employed or directed by another to do an act not manifestly wrong, the law implies a promise of indem-

nity by the principal for damages resulting proximately from the good faith execution of the agency. . . . The appellee (contractor) was but carrying out his contract with the city. . . . While as between himself and the owner of the property he was a trespasser, and liable as such, as between himself and the city he was but acting in fulfilment of his contract and under the direction of the properly constituted authority of an officer of the city. He had a right to assume, when directed to proceed with the work upon the premises of the Central Ice Company, that the city had, in compliance with its contract, procured the right to so use the ground. What he did was not done for himself but for the city and under its direction. It involved no moral delinquency, but, so far as he was concerned, was merely the performance of his legal contract. That he acted in ignorance of the fact that the city had no right to go upon the land in question is the plain inference from the facts stipulated. As between himself and the city, the wrong was the wrong of the city. They were not in pari delicto".

So in the instant case if plaintiffs are compelled to pay damages to the telephone company for an act which they committed as contractors of the defendants and at their behest and if their acts were not manifestly wrong or did not involve moral delinquency and were committed with no intention of doing wrong, the general rule against contribution between wrongdoers does not apply and plaintiffs are not in pari delicto with defendants. Here plaintiffs were merely performing their legal contract with defendants. Plaintiffs knew of no easement granted to the telephone company and had a right to assume that the course of the excavation for the tile drain which defendants directed them to follow would not lead them into a concealed underground cable.

In Griffiths & Son Co. v. Fireproofing Co., 310 Ill. 331, our supreme court, cited Union Stock Yards Co. v. C. B. & Q. R. R. Co., 196 U. S. 222 and stated (p. 339): "Where it is said that the general rule that one of several wrongdoers cannot recover against another wrongdoer although he may have been compelled to pay the damages for the wrong done is in many instances held inoperative in order that the ultimate loss may be visited upon the principal wrongdoer, who is made to respond for all the damages, where one less culpable, although legally liable to third persons, may escape the payment of damages assessed against him by putting the ultimate loss upon the one principally responsible for the injury done".

■ The general rule exempting a contractee from liability to a third person for damage resulting from the wrongful manner in which work was done by an independent contractor is subject to various exceptions. A contractee is liable if the injury is such that it might have been anticipated by him as a probable consequence of the work let to the contractor and where contractee took no precaution to prevent it. If injury results directly from acts called for or rendered necessary by the contract, the contractee is liable if the work is done by an independent contractor as though he had performed such acts himself. (17 ILP Employment sec. 271, p. 624, citing Donohue v. George W. Stiles Const. Co., 214 Ill. App. 82; Starr v. Stanard-Tilton Milling Co., 183 Ill. App. 454).

In Donohue v. George W. Stiles Const. Co. 214 Ill. App. 82, supra, the court quoted with approval from Henry Pierson and Sons v. Gohr, 126 Md. 385, 400 as follows: "An employer will be liable where work is being done by an independent contractor if the injury 'be such as might have been anticipated by him, as a probable consequence of the work let out to the contractor and he took no precaution to prevent it' and

'whether the injury might reasonably have been anticipated as a probable consequence of the work contracted to be done was one of fact for the jury' ".

It is fundamental that there can be no recovery in any tort action unless there is a causal connection between the negligence of the defendant and the injury sustained. The negligence of the defendant must be the proximate cause of the injury. If the negligence of the defendant does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. (Seith v. Commonwealth Elec. Co., 241 Ill. 252, 259, 98 N.E. 425). Whether the Telephone Company, however, could maintain any action against the grantors of the easement, the provisions of which gave the Telephone Company permission to install its underground cable, does not arise on this record. This third party complaint charges that the course which plaintiffs were required to take in excavating the ditch for the tile drain which the plaintiffs were required to construct under their contract, was prescribed by the defendants and the fault or tort of the defendants in this complaint was their failure to notify plaintiffs of the location of the underground cable. The law is that the owner of property owes to an independent contractor at work on the owners property the duty of exercising reasonable care to have the premises in good condition for the contracted work, unless the defects responsible for the injury were known to the contractor. (17 ILP Employment, sec. 274, p. 628, citing National Builders Bank v. Schuham, 319 Ill. App. 546, 49 N.E.2d 825).

In our opinion the allegations of the third party complaint are sufficient to require defendants to answer. The judgment of the circuit court of Kanka-

131

kee County is therefore reversed and the cause remanded to that court with directions to overrule the motion of defendants to dismiss.

Reversed and remanded with directions.

SMITH, P. J. concurs.

McNEAL, J. concurs.