TERRY SHANNON et al., appellees, v. MISSOURI VALLEY LIMESTONE COMPANY et al., appellants.

No. 50887.

(Reported in 122 N.W.2d 278)

JUNE 11, 1963.

REHEARING DENIED SEPTEMBER 17, 1963.

Hogzett & Burgett, of Oakland, for appellant Missouri Valley Limestone Company.

Peter J. Peters, Pottawattamie County Attorney, of Council Bluffs, for appellants Pottawattamie County Board of Supervisors, Floyd E. Belt, Franklin C. Belt, William H. Belt, Donald Butterbaugh, Stanley (Red) Dofner, Merle Jones, Lowell King, Dean C. Putnam, Robert Putnam, Kenneth H. Stanford, Roy Swanger and Stan Thomas.

Richard C. Turner, of Council Bluffs, for appellees.

THORNTON, J.—This is a class action brought by plaintiffs living along Limekiln Hollow Road in Pottawattamie County.

The defendants are Missouri Valley Limestone Company, Pottawattamie County Board of Supervisors, and individual contract haulers who haul rock from Missouri Valley Limestone Company's quarry on Limekiln Hollow Road. Plaintiffs brought the case in equity seeking to enjoin defendants from using Limekiln Hollow Road in hauling rock because the dust caused by the rock trucks constituted a nuisance and obstructed the road. The trial court did not enjoin the use of the road or stop the operation of the quarry but did require the limestone company and county, jointly or severally, to treat the surface of the road from the quarry to the paved highway in such a way as to prevent dust damage to plaintiffs and their property in the future. If not carried out these defendants were enjoined from using the road for hauling rock. The individual truckers were required to cover their loads and enjoined from following closer than at 300 feet intervals.

The limestone company and board of supervisors appeal.

I. Defendant limestone company operates a limestone quarry and rock crushing plant located on Limekiln Hollow Road about three miles northwest of Highway 30A in Pottawattamie County. Limekiln Hollow Road is surfaced with limestone and dirt and is a hilly, winding road. There are 40 homes located along this three miles of road. The occupants of these homes include 70 school children. The evidence shows that from the last part of April to late in November as many as 75 different trucks haul crushed limestone or rock from the quarry. When business is good they haul as many as six to ten loads a day each. In other words, during the daylight hours the round trips made by the trucks are from 450 to 750. In a 12-hour day from 27 to 60 round trips an hour. One resident said she counted 40 trucks going by in an hour. Apparently this is about the average. There was evidence the dust rises to a height of 80 feet. The dust is so bad the trucks and other traffic usually drive with their lights on. Only two or three accidents are testified to as being caused by poor visibility due to the dust. The residents drive to and from work in Council Bluffs or Omaha everyday. It is apparent from the testimony they have learned to be extra careful on this road. This is also true of the school bus drivers

using this road. However, there is nothing they can do to protect themselves from the dust that settles on their lawns and homes and seeps into every crack and corner of their homes. The testimony of the occupiers of the homes shows they are subjected to unreasonable living conditions due to the extraordinary amount of dust caused by the frequent trips of the trucks. The dust is irritating to the skin, nose and throat, kills lawns, gets in their homes and food, is injurious to all vegetation and livestock, requires plaintiffs to keep their homes closed in hot weather, and in short makes ordinary use of a home and lawn impossible during spring, summer and fall during dry weather. We are compelled to agree with the trial court that a common-law nuisance is created by the dust raised by the trucks hauling crushed rock from the quarry. This is not a temporary situation where the trucks are merely hauling to a particular site for use, but is continual during the entire working season. Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 109 N.W.2d 695; Kellerhals v. Kallenberger, 251 Iowa 974, 103 N.W.2d 691; Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 82 N.W.2d 151; Miller v. Town of Ankeny, 253 Iowa 1055, 114 N.W.2d 910; Robinson v. Westman, 224 Minn. 105, 29 N.W.2d 1, 174 A. L. R. 746; 12 Drake Law Review 107; and annotation, 47 A. L. R.2d 490. The defendants did not offer any evidence at the trial.

II. The limestone company does not contend here that a nuisance was not created by the use made of the road by the trucks hauling rock from the quarry. Its contention is that the truck operators are independent contractors and it does not exercise such control over them as to be liable here. Without question the truck operators are independent contractors. It is hardly necessary to go over the record in this respect. It does show the truck operators own their own trucks, pay all their own expenses, work when called, work for others, buy and sell rock on their own, are paid by the ton mile, and file income tax returns as self-employed individuals. They have permits as contract carriers from the Interstate Commerce Commission and the State Commerce Commission. All they are required to do is deliver the rock to the place designated. See Hassebroch v.

Weaver Construction Co., 246 Iowa 622, 627, 628, 67 N.W.2d 549.

This determination assists the limestone company very little. The general rule that the employer or contractee is not liable for the torts of the independent contractor is subject to exceptions. One of the exceptions is where the work contracted to be done is likely to create a nuisance. Bennett v. Incorporated Town of Mount Vernon, 124 Iowa 537, 541, 100 N.W. 349.

In Brous v. The Wabash Railroad Co., 160 Iowa 701, 142 N.W. 416, an action to recover damages to land occasioned by the diversion of floodwaters where it was urged the work was done by independent contractors, we said at page 707 of 160 Iowa, page 418 of 142 N.W.:

"* * * And, if independent contractors, there is no evidence of any kind that they did not perform their contract in strict accordance with the plans and specifications furnished by the company or by its engineer in charge. Moreover, the change of the stream from its natural channel was something of open and notorious character which could not have well escaped the observation of the company, and it could not avail itself of such conditions and maintain its roadbed in the natural channel, and avoid liability for the injurious consequences, if any, to adjacent owners by the plea that this interference with the stream was the act of its contractors."

And see Hough v. Central States Freight Service, 222 Iowa 548, 558, 269 N.W. 1, 6, where we quote with approval from Douglass v. Peck & Lines Co., 89 Conn. 622, 627, 95 A. 22, 24, the following:

" 'If the work contracted for be unlawful, or such as may cause a nuisance, or is intrinsically dangerous, or in its nature calculated to cause injury to others, or if the contractee negligently employs an incompetent or untrustworthy contractor * * * or if he is under a legal duty to see that the work is properly performed, the contractee will be responsible for resultant injury.' "

See also Watson v. Mississippi River Power Co., 174 Iowa 23, 38, 156 N.W. 188, L. R. A. 1916D 101; and see distinction

pointed out in Hoff v. Shockley, 122 Iowa 720, 728, 98 N.W. 573, 64 L. R. A. 538, 101 Am. St. Rep. 289.

In IV Restatement of the Law of Torts, section 835, pages 278, 279, is the following:

"A person who employs an independent contractor to carry on an activity is liable for a non-trespassory invasion of another's interest in the use and enjoyment of land caused by the activity, if the employer would be liable under the rule stated in §822 had the activity been carried on by him; and if

"(a) the activity, as he should know, necessarily involves such invasion or an unreasonable risk thereof, or * * *

"(d) the activity, as he should know, will necessarily create, during its progress, conditions containing an unreasonable risk of such invasion unless special precautions are taken, and he

"i. fails to provide in the contract that the contractor shall take such precautions, or

"ii. fails to exercise reasonable care to provide in some other manner for the taking of such precautions, * * *."

In section 41, 27 Am. Jur., Independent Contractors, pages 519–521, is the following:

"Where a nuisance will result from the performance of certain work in the ordinary manner, the employer cannot escape liability by employing an independent contractor to do the work. * * * Whatever is done by the contractor in pursuance of the plans and specifications which form a part of the written contract is manifestly to be considered a result of the contract for which the employer is responsible. The same remark applies to everything that the contractor does in compliance with the provisions of an oral agreement, or with orders given by the employer or his agent during the progress of the work. * * *

"Where, however, the employer as a prudent man has no reason to believe that the act contracted to be done is a nuisance, but during the progress of the work it is found necessary to create a nuisance in order to do the work, the employer is not liable for injuries to third persons resulting from the nuisance before he had notice of its existence. Upon receiving notice, however, it is his duty to take reasonably prompt and efficient means to suppress the nuisance."

The same thought is expressed in McDonell v. Rifle Boom Co., 71 Mich. 61, 38 N.W. 681; James' Admr. v. McMinimy, 93 Ky. 471, 20 S.W. 435, 40 Am. St. Rep. 200, 201, 202; 57 C. J. S., Master and Servant, section 587, page 357; Annotation, 33 A. L. R.2d 39–43, 126–128; 23 A. L. R. 1006; 21 A. L. R. 1237; 115 A. L. R. 965, 971; Paulson v. Madison Newspapers, 274 Wis. 355, 80 N.W.2d 421, 425; McKennon v. Jones, 219 Ark. 671, 244 S.W.2d 138 (inherently dangerous work); Fitzgerald v. Conklin Limestone Co., 131 F. Supp. 532, 535 (R. I. 1955); Gordon Creek Tree Farms v. Layne, 230 Ore. 204, 368 P.2d 737, 740; American Telephone and Telegraph Co. v. Leveque, 30 Ill. App.2d 120, 173 N.E.2d 737, 742; and Peairs v. Florida Publishing Co., 132 So.2d 561 (Fla. App. 1961).

In this case if the limestone company had carried on the work itself, it would have had its employee-drivers driving down the same road under exactly the same conditions and creating the same nuisance. The amount of dust would be the same. If the company did not know such would be the result of that much truck traffic when the work was originally started, there is every reason to believe it was fully aware of the situation before this suit was started. No reason appears why it should not abate this nuisance.

The limestone company stoutly contends it does not control the route to be taken by the drivers in reaching their destination. We believe this is true so long as the way chosen by a driver does not delay the work. But this does not answer the question. The evidence is the drivers are paid by the ton mile for the shortest distance from the quarry to the destination. In addition we have the physical facts shown in the testimony of the driver, Mr. Dean Charles Putnam. He testified:

"If I was to haul a load of rock to Underwood, for example, out of the quarry up there they would not pay me on the basis of traveling over Limekiln Hollow Road. The route they pay me for is to go out through Crescent and over the Morman Bridge road on the highway. The reason that I would take Limekiln Hollow Road is because it is all pavement outside of the Limekiln Hollow Road. I would travel Limekiln Hollow Road. It is longer to go around Limekiln Hollow but you got a better road.

Limekiln Hollow is a better road. * * * There is nothing but hills and gravel and rough roads over there and I would much rather go this way and stay on the pavement."

It is not unfair to the limestone company to hold it knows the same things about road conditions as the drivers. Certainly it cannot be heard to say it does not know road conditions leading from its quarry, and the shortest and best route to the pavement. If the limestone company used its own trucks this is the route that would be used. We hold as a matter of fact Limekiln Hollow Road was the route to be used in the contemplation of the parties at the time of contracting. When a driver was called by the company he knew and it knew he was going to use the shortest and best route to the pavement and such was Limekiln Hollow Road. In addition the limestone company has known for some time the route customarily used and the extent of the dust created.

■ III. The case against the supervisors is somewhat different. It is a customer. A patron or customer is not ordinarily held to be a substantial participant. IV Restatement, Torts, section 834, comment e. Though it is either the largest or next to the largest customer, the record does not indicate the number of customers or the amount purchased. The record does show the county does have about ten trucks but the extent of use is not shown. There is not sufficient evidence to hold the county substantially participates in creating the nuisance.

The main thrust of plaintiffs' case against the supervisors is based on the failure of the county to correct the dust situation on the road because such is an obstruction. They argue sections 319.1, 319.7 and 319.8, Code of Iowa, 1962, to the effect the dust constitutes an obstruction and they are entitled to enjoin the supervisors.

Section 319.1, in pertinent part, provides, "* * * the board of supervisors shall cause all obstructions in highways * * * to be removed."

Section 319.7 provides, "It shall be the duty of all officers * * * to remove from the traveled portion of the highways * * * all open ditches, water breaks, and like obstructions, * * *."

Section 319.8. "Any person * * * who makes * * * any obstruction mentioned in section 319.7, in such traveled way, and any officer responsible for the care of such highway who knowingly fails to remove said obstructions, shall be deemed to have created a public nuisance * * *."

They also call to our attention section 657.1 and section 657.2, subsections 1, 2 and 5, Code of Iowa, 1962, where what constitutes and what is deemed a nuisance is set forth.

Assuming, without deciding, that dust on Limekiln Hollow Road as caused by the truck traffic constitutes an obstruction as used in the above statutes, the most plaintiffs are entitled to would be an order, sounding in mandamus, requiring the board to perform its statutory duty and remove the obstruction. We cannot tell it how to remove the obstruction, that is within its fair discretion. Section 661.1 and section 661.2, Code of Iowa, 1962. If we further assume plaintiffs' position is correct, the board could maintain an action against the limestone company to abate the nuisance, section 319.9. That has been done. There is no need to pursue the case against the board further, it is entitled to a reversal.

The case is affirmed as against the defendant Missouri Valley Limestone Company; reversed as against the Pottawattamie County Board of Supervisors, and remanded with directions to dismiss the case against the said board of supervisors. The costs are taxed one half to the Missouri Valley Limestone Company and one half to plaintiffs.—Affirmed in part, reversed in part and remanded.

All Justices concur except Peterson, J., who takes no part.