**Patricia A. Donovan, Plaintiff-Appellant, v. Henry Raschke, et al., Defendants-Appellees.**

Gen. No. M–51,870.

First District, Second Division.

February 25, 1969.

Levin & Upton, of Chicago (Samuel Levin, Roland C. Upton, and William T. Cormack, of counsel), for appellant.

Osterkamp, Jackson & Shinitzky, and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff, Patricia A. Donovan, brought suit against Richard Matuszczak and Emilia Matuszczak, owners of a certain building, and against Henry Raschke and Donald Tilseth, masonry contractors, to recover damages for injuries sustained by her as a result of the negligence of the defendants in causing certain materials to be placed upon the public sidewalk in front of the building while remodeling work was being done. Defendants Raschke and Tilseth were partners in a business known as the Lanite Company. They shall be referred to in this opinion as Lanite, and the Matuszczaks shall be referred to as owners.

The owners filed a counterclaim against Lanite claiming indemnity and alleging active negligence. The cause proceeded to trial on the complaint and counterclaim. The trial court directed a verdict in favor of the owners, and the jury returned a verdict in favor of Lanite. Plaintiff appeals from judgments entered on those verdicts and from an order denying her motion for a new trial.

Plaintiff contends that the trial court erred in directing a verdict in favor of the owners, that as to Lanite the court erred in refusing certain instructions tendered by the plaintiff, and by improperly restricting counsel for plaintiff's closing argument.

As to the occurrence, on December 2, 1958, the plaintiff and her husband, John L. Donovan, were walking on the sidewalk coming to 1143 Milwaukee Avenue, Chicago, where the remodeling was being done. There was a pipe scaffold erected in front of the building which extended across the sidewalk almost to the curb and for about 17 feet along the front of the building, which had a frontage of about 23 feet. The building itself was two stories high with a store on the first floor and an apartment on the second floor. The scaffolding extended to the roof. Various construction materials and tools were

on the sidewalk, which was 8 to 10 feet wide. In addition to the scaffolding, there were bags of mortar or cement, a mortar box, a wheelbarrow, and a roll of wire mesh about 3 feet high standing on end.

When they approached the site, plaintiff and her husband who were walking side by side had to proceed in single file through a narrow space on the sidewalk. They were unable to walk in the street because a truck was parked at the curb. Plaintiff walked several steps behind her husband, and as she proceeded through the area, she tripped over the roll of wire mesh which fell in front of her as she passed by, and she was injured. Henry Raschke, one of the owners of Lanite, testified that metal wire lath was applied prior to application of the synthetic stone, and that this metal lath resembled wire mesh. There were workmen on the scaffolding at the time of the accident.

As to the parties involved, prior to the occurrence, the owners had contracted with Peterson Store Fronts for the remodeling of the entire front of the building. A synthetic stone veneer was to be applied to the frame exterior. Peterson issued subcontracts for various phases of the work, and one of the subcontractors was Harry Dufford doing business as Artstone Construction Company. Dufford in turn contracted with Lanite to manufacture and apply the stone. Lanite hired Eugene Tilseth to apply the stone. Eugene Tilseth, not a party to this suit, was a brother of defendant Donald Tilseth, one of the owners of Lanite. Peterson and Dufford had been dismissed from the suit and counterclaim prior to trial, and are not involved in this appeal.

Plaintiff first contends that the trial court erred in directing a verdict in favor of the owners at the close of plaintiff's case.

An owner of property which abuts a public sidewalk owes a duty to keep the sidewalk free from any condition which may create a danger or a hazard to per-

sons lawfully upon the street. Girdzus v. Van Etten, 211 Ill App 524 (1918). And the duty thus imposed on the owner is nondelegable. Boyd v. Chicago and N. W. Ry. Co., 217 Ill 332, 75 NE 496 (1905). In Andronick v. Daniszewski, 268 Ill App 543 (1932), plaintiff was injured when struck by a chisel dropped by a workman on a scaffold over the sidewalk. In affirming a judgment for plaintiff, the court stated at page 555:

> "The work required to be done was dangerous to persons using the sidewalk on the public street, and defendants, we hold, did not perform their affirmative duty to take precautions against possible and probable injuries by erecting a barricade or by other appropriate means. Defendants were not insurers, but they were under obligation to see that reasonable care was exercised in making the improvement. They could not delegate that duty."

However the owners contend that the owner of a building is not responsible to third persons for any act of negligence by an independent contractor or his servants unless the work is inherently dangerous, arguing that the principle announced in the Andronick case is limited to instances where the work contracted to be done was inherently dangerous.

In resolving this issue, we do not believe that it is necessary to attempt to define the imprecise expression "inherent danger." Rather we find that the proper test to be applied concerning the liability of an owner for the act of negligence of an independent contractor is whether there was sufficient evidence presented so that the trier of fact could determine that the work to be done was a probable and foreseeable source of injury to a party such as plaintiff unless proper precautions were taken. See Johnson v. Central Tile & Terrazzo Co., 59 Ill App2d 262, 207 NE2d 160 (1965).

In Donohue v. George W. Stiles Const. Co., 214 Ill App 82 (1919), in discussing the liability of an employer for the negligence of an independent contractor, the court quoted with approval from Henry Pierson and Sons v. Gohr, 126 Md 385, 400, 94 A 1021, as follows at page 91:

"An employer will be liable where work is being done by an independent contractor if the injury 'be such as might have been anticipated by him, as a probable consequence of the work let out to the contractor, and he took no precaution to prevent it,' and 'whether the injury might reasonably have been anticipated as a probable consequence of the work contracted to be done was one of fact for the jury.' "

■ In the instant case, a pipe scaffold extending two stories high was erected along the front of a building for approximately 17 feet. The scaffolding extended across the sidewalk almost to the curb. The sidewalk was cluttered with construction materials and tools. In addition to the scaffold itself there were bags of mortar, a mortar box, a wheelbarrow and the wire mesh in question, all strewn across the sidewalk. Because of a parked vehicle, plaintiff was unable to walk on the street. Plaintiff was then injured when the roll of wire mesh fell in front of her. Under these facts and circumstances, the evidence presented was ample to warrant the submission of the owners' liability to the jury for determination, and the court erred in directing a verdict in favor of the defendant owners.

As to Lanite, plaintiff first argues that the court's refusal of two instructions tendered by plaintiff resulted in prejudicial error. Plaintiff tendered an instruction which would have instructed the jury that as a matter of law Eugene Tilseth was the agent of Lanite at the time of the occurrence. After the court refused that instruction, plaintiff tendered the following instruction:

"The defendants, Henry Raschke and Donald Tilseth, are sued as the principals and the plaintiff claims that Eugene Tilseth, was acting as their agent at the time of the occurrence. The defendants, Henry Raschke and Donald Tilseth deny that Eugene Tilseth was acting as their agent, at the time of the occurrence.

"If you find that Eugene Tilseth was the agent of the defendants, Henry Raschke and Donald Tilseth, at the time of the occurrence, then any act or omission of Eugene Tilseth, at that time, was in law the act or omission of the defendants.

"If you find that Eugene Tilseth was not acting as the agent of the defendants at the time of the occurrence, then the defendants are not liable."

The court also refused this instruction, stating that there was no evidence whatsoever to indicate that Eugene Tilseth was an agent of Lanite.

■ Determination of the issue of whether the relationship of principal and agent, or owner and independent contractor exists, unless the relationship is so clear as to be undisputed, is a question of fact to be decided by the jury. Thiel v. Material Service Corp., 364 Ill 539, 5 NE 2d 88 (1936) ; Hulke v. International Mfg. Co., 14 Ill App 2d 5, 142 NE2d 717 (1957). And in Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272 (1960), this court found that what relationship existed depended upon such factors as the hiring, the right to discharge, the direction given to the employee, and the character of the supervision of the work.

In the instant case, Richard Matuszczak, one of the building owners, testified that he was introduced to Henry Raschke, one of the proprietors of Lanite, at the job site and that they had approximately five conversations in which he urged Raschke that the work be rushed and finished. Raschke testified that he was never pres-

ent at the job, but stated that he had phone conversations with Matuszczak in which the latter requested that the work be rushed. While Raschke also testified that Eugene Tilseth was an independent contractor and that Lanite had no control over the work, he admitted that Lanite contracted to furnish the stone and hired Eugene Tilseth to apply the stone.

█ █ The trial court properly refused to instruct the jury that as a matter of law Eugene Tilseth was an agent of Lanite. However we find that there was sufficient evidence in the record so that whether a principal-agency relationship existed between Lanite and Eugene Tilseth became a question of fact for the jury. The testimony of both Matuszczak and Raschke clearly indicated that the building owner looked to one of the proprietors of Lanite as being in charge of the remodeling work. Moreover Raschke testified specifically that Lanite *hired* Eugene Tilseth to apply the stone (emphasis supplied). As we have already noted, Illinois courts have held that supervision and control of the work involved and the matter of hiring are important factors in determining the existence of a principal-agent relationship. In the case at bar, that determination should have been made by the trier of fact.

█ Lanite also argues that there was no evidence presented that either Lanite or Eugene Tilseth caused the plaintiff's injury, because there was no direct evidence linking them to the roll of wire mesh. We find that the trial court correctly submitted that issue to the jury. Direct evidence is not required if there is a reasonable basis from which a jury could have drawn the inference that the wire mesh had been placed at the scene by Lanite or Eugene Tilseth. See Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847 (1950). The roll of wire mesh was standing on end among the other materials and implements at the site of the remodeling, where workmen were engaged at the time of the accident. Metal lath was

used in the application of the synthetic stone, and this lath resembled wire mesh. There was also testimony that Lanite had hired Eugene Tilseth to apply this stone. The record supported the submission of this issue to the jury.

Because of our view of the proceedings, we deem it unnecessary to consider plaintiff's remaining assignment of error.

Accordingly, the judgments of the Circuit Court are reversed, and the cause remanded for a new trial on the complaint and counterclaim.

Judgments reversed and cause remanded.

LYONS, P. J. and BURKE, J., concur.