STEVEN BENESH, Plaintiff-Appellee, v. NEW ERA, INC., Defendant-Appellant.

Fifth District   No. 5—89—0821

Opinion filed January 10, 1991.

Roger L. Vetter, of Vassen & Vetter, P.C., of Belleville, for appellant.

Jeffrey S. Hammel, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, New Era, Inc., appeals from a judgment of the circuit court of St. Clair County, entered November 8, 1989, following a bench trial, finding defendant liable for certain damage done to the property of plaintiff, Steven Benesh, while defendant's premises were being painted by an independent painting company, Bess Painting Company, hired by defendant. We will set forth the facts only as they are pertinent to this appeal.

The parties agree that Bess Painting Company (hereinafter Bess) was an independent contractor hired by defendant to paint the exterior of defendant's building, and that defendant retained no control

over the manner in which Bess performed its job. Plaintiff's property, specifically a wooden fence and a garage, abutted that of defendant. Plaintiff's fence and garage were separated from defendant's building by an alley approximately 10 feet wide.

On or about April 26, 1988, while Bess was spray painting the exterior of defendant's building, white paint was sprayed or splattered onto plaintiff's brown wooden fence and cedar-sided garage. Upon discovering the damage, plaintiff confronted agents of Bess, who acknowledged the damage and assured plaintiff that they would remove the paint flecks from his property. They never did so. Plaintiff presented testimony of a building contractor that the cost to repair the damage would be $1,043.03. The trial court entered judgment for plaintiff in that amount.

At trial, plaintiff argued that, while the general rule is that an employer is not liable for damages caused by its independent contractor in the performance of its job, the facts of the instant case place it within an exception to this general rule. That exception is set forth in section 427 of the Restatement (Second) of Torts, which provides,

> "One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger." Restatement (Second) of Torts §427 (1977).

Defendant argued at trial that this exception applies only to "inherently dangerous" activities and that such activities had been restricted to those involving explosives, poisons and wild animals. Defendant argued that spray painting with a water-based paint is not inherently dangerous and, when carried on carefully and competently, presents no risk of harm to others.

The trial court entered an order citing two cases, *City of Joliet v. Harwood* (1877), 86 Ill. 110, and *Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 400 N.E.2d 934. The court's order recites that in *Harwood*, the supreme court held that where work is intrinsically dangerous, the party who authorizes the work is liable for any damages resulting from the work by an independent contractor. The order further finds that the exposure of plaintiff's garage to paint overspray was a danger clearly recognizable in advance by virtue of the very nature of the work. The court distinguished *Woodward*, where the damages were found to be due to the collateral negligence of the

independent contractor, rather than to danger inherent in the activity. The court found defendant liable under a theory of *respondeat superior*.

On appeal, defendant renews its argument that painting is not an inherently dangerous activity and that this exception has been limited to cases involving explosives, poisons, toxic chemicals and wild animals.

■ We think defendant misapprehends the exception upon which the plaintiff and the trial court rely. While defendant contends that this exception is limited to what have traditionally been classified as "ultrahazardous activities," neither the Restatement nor the case law indicates that this is so. Comments *b* and *c* to section 427 of the Restatement explain:

> "*b.* The rule stated in this Section is commonly expressed by the courts in terms of liability of the employer for negligence of the contractor in doing work which is 'inherently' or 'intrinsically' dangerous. It is not, however, necessary to the employer's liability that the work be of a kind which cannot be done without a risk of harm to others, or that it be of a kind which involves a high degree of risk of such harm, or that the risk be one of very serious harm, such as death or serious bodily injury. It is not necessary that the work calls for any special skill or care in doing it. *It is sufficient that work of any kind involves a risk, recognizable in advance, of physical harm to others which is inherent in the work itself, or normally to be expected in the ordinary course of the usual or prescribed way of doing it, or that the employer has special reason to contemplate such a risk under the particular circumstances under which the work is to be done.*
>
> *c.* The rule stated applies where the work involves the use of instrumentalities, such as fire or high explosives, which require constant attention and skillful management in order that they may not be harmful to others. It applies also where such work as the demolition of a high chimney is incapable of being done safely unless those who do it are highly skilled and act with the utmost attention and care. *It is not, however, limited to such highly dangerous activities. The rule applies equally to work which, although not highly dangerous, involves a risk recognizable in advance that danger inherent in the work itself, or in the ordinary or prescribed way of doing it, may cause harm to others.*" (Emphasis added.) Restatement (Second) of Torts §427, Explanatory Notes, comments *b, c,* at 416 (1977).

The exception provided in section 427 of the Restatement was recognized in *American Telephone & Telegraph Co. v. Leveque* (1961), 30 Ill. App. 2d 120, 173 N.E.2d 737, which held that an employer is liable if the injury is such that it might have been anticipated by him. as a probable consequence of the work let to the independent contractor and where the employer took no precaution to prevent it. 30 Ill. App. 2d at 130, 173 N.E.2d at 742.

The exception was also recognized in *Johnson v. Central Tile & Terrazzo Co.* (1965), 59 Ill. App. 2d 262, 207 N.E.2d 160, which held that if one employs another to do work which he should recognize as involving some peculiar risk to others unless special precautions are taken, the one doing the employing will remain liable if harm results because these precautions are not taken. 59 Ill. App. 2d at 276-77, 207 N.E.2d at 167.

In *Donovan v. Raschke* (1969), 106 Ill. App. 2d 366, 371, 246 N.E.2d 110, 113, it was held that an employer might be held liable where plaintiff was injured when she tripped over a roll of wire mesh which had been left lying on the sidewalk by an independent contractor who was doing brickwork on the exterior of defendant/employer's building. The court held that the proper test to be applied in determining whether an employer is liable for the act of negligence of an independent contractor is whether there was sufficient evidence presented so that the trier of fact could determine that the work to be done was a probable and foreseeable source of injury to a party such as plaintiff unless proper precautions were taken. Quoting from *Donohue v. George W. Stiles Construction Co.* (1919), 214 Ill. App. 82, 91, the court stated:

> "An employer will be liable where work is being done by an independent contractor if the injury 'be such as might have been anticipated by him, as a probable consequence of the work let out to the contractor, and he took no precaution to prevent it.' " (*Donovan*, 106 Ill. App. 2d at 371, 246 N.E.2d at 113.)

The court held that the evidence was sufficient to allow the question of the employer's liability to go to the jury for a determination whether the injury to plaintiff might reasonably have been anticipated as a probable consequence of the work contracted to be done.

■ We think in the instant case the evidence was sufficient to show that the damage to plaintiff's property is such that it might have been anticipated by defendant as a probable consequence of the independent contractor's work and that defendant took no precaution to prevent it. As defendant states in its brief, paint overspray is a relatively common occurrence. Defendant should have anticipated that

paint might accidentally be sprayed or splattered onto plaintiff's fence and garage, which were only 10 feet from the portion of defendant's building which was being painted. It is common knowledge that sprayed paint is often carried by the wind and often splatters on surfaces where it is not wanted. Such an occurrence is unavoidable regardless of how carefully one uses the paint sprayer. Splattering or overspraying of paint is normally to be expected in the ordinary course of the usual way of spray painting a building. This danger is recognizable in advance, and defendant should have anticipated it and taken precautions against it.

The judgment of the trial court is neither incorrect as a matter of law nor against the manifest weight of the evidence. We therefore affirm it.

For the foregoing reasons the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK, P.J., and HARRISON, J., concur.