COLLINS CONSTRUCTION COMPANY OF TEXAS, Inc., Appellant,

v.

A. O. TINDALL et ux., Appellees.

No. 3938.

Court of Civil Appeals of Texas.

Eastland.

Jan. 15, 1965.

Rehearing Denied Feb. 5, 1965.

Hardy Hollers, Austin, for appellant.

Turner & Seaberry, Eastland, for appellees.

WALTER, Justice.

A. O. Tindall and wife filed suit against Collins Construction Company of Texas, Inc., for damages sustained by them as a result of an alleged nuisance created and maintained by Collins near Tindalls' home. Based on a verdict, judgment was rendered for the Tindalls for $3,691.00. Collins has appealed.

Collins contends that the court erred in overruling its motion for an instructed verdict and its motion for a new trial because Tindalls neither pleaded nor proved negligence on the part of Collins in carrying on its rock crushing operation and because the undisputed evidence shows that it was engaged in a lawful use of its property and there was no pleading or proof that such operation was a nuisance, as a matter of law.

Collins was engaged in highway construction on U.S. 80 in Eastland County. Collins began a rock crushing operation near Tindalls' home which continued for about three months.

As the trial developed, Tindalls abandoned their claim for damages resulting from blasting operations. They contended that appellant's operation caused great quantities of obnoxious dust to cover their home and premises; that the dust interfered with their proper enjoyment and use of their home; that it destroyed some of their property and affected their health.

They alleged that such operation constituted a nuisance. Collins filed a general denial and, by trial amendment, alleged that its location was the cite designated by the highway department and that it operated it in a reasonable manner.

The jury found that the dust from Collins' operation coming onto the Tindalls' premises constituted a nuisance and that Collins did not act in a reasonable manner in operating its rock crushing facilities.

A. O. Tindall testified substantially as follows: My wife and I live on Mrs. O'Donnell's place between Eastland and Ranger where we have lived for seven years and have been engaged in the ranching business. Collins began a rock crushing operation in August, 1962, about 650 feet South of our home. The operation continued for about three months. During this operation the dust was so bad that one could not see a car on the highway from our house. At times there was so much dust in our home that you could not see from one room to another. We called Collins and they sent their Mr. Young to see us. I took him in the house and he could hardly stay, he wanted to leave. The dust was so bad that the men shearing sheep wanted to leave. The trees in our front yard were white as snow from dust. At times the dust from Collins' operation could be seen for about four miles. He was asked "They could have moved it east or west and gotten it away from you?" and he answered "Yes, sir." I called Mr. Collins in Austin and protested to him but it did no good, in fact they put in an additional machine. He was asked "Were you and your wife able to live out there all time these operations were going on?" and he answered "Well, my wife was working over here three days a week over here at town and it'd be so bad that when you come in we'd have to wash the dishes and you'd have to wash the tables off and everything, and it'd just stick on the tables and everything, and I'd get up and take the hose and go outside and wash off where we slept, the windows and every-thing and try to clean it up when we stayed

there. Sometimes we came over here to Mr. Overstreets, they was out of town and they told us to go up there any time we wanted to, and it would just be so bad we'd feel bad, and we'd just go over there and stay all night." The dust affected my eyes and it gave me headaches. Dr. Whittington gave me dust shots every other day. At one time my eyes got so bad that we had to leave and go to my mother-in-law's home. I still have trouble with my eyes. Dr. Whittington moved to Fort Worth and I am still going to him for treatment. I put medicine in my eyes three times a day. Dr. Treadwell has also prescribed medicine for my eyes. I have paid him and Dr. Whittington over $100.00 for such treatment.

We have put building paper over the windows of our home in an effort to keep the dust out. My wife also put some sheets over the windows but the dust continued to pour in like talcum powder. My wife would clean the house in the morning before she went to work and when she returned in the afternoon the dust would be all over everything in the house. The dust damaged our air conditioner, T.V. set, clock, sewing machine, radio and furniture.

The only question involved in King v. Columbian Carbon Company, 5 Cir., 152 F.2d 636, was whether or not a land owner was without recourse for damages caused to his land by the non-negligent, purposeful and permanent operation of a lawful business, which operation the owners knew, when their plant was being constructed, would continually damage the land of the owner. In deciding this question, the court discussed the cases of Fletcher v. Rylands, L. R. 1 Exch. 265, 1 Eng. Rul. Cas. 236; Turner v. Big Lake Oil Company, 128 Tex. 155, 96 S.W.2d 221; Cosden Oil Company v. Sides, Tex.Civ.App., 35 S.W.2d 815 and other landmark cases on the subject and concluded by saying:

"Our conclusion is that nuisances may exist without negligence and in such situations it, of course, is not requisite

that negligence be alleged, but in all cases where negligence has created, or contributed to the creation of, the nuisance such negligence should be alleged. * * *

"The property of an individual may not be damaged for public use without just compensation, and assuredly it may not be damaged for private use without such compensation. As a concession to industrial progress and social utility the law will not abate a useful and lawful enterprise even though it be a nuisance, but further than that the law does not recede. It still requires payment for unwarranted, unreasonable, and substantial damage done to the property of another which is caused by the construction and operation, however skillful, of an industrial plant in a locality undevoted and unadapted thereto.

"What is a reasonable use, or whether a particular use is a nuisance, cannot be determined by any fixed general rules but depends upon the facts of each particular case, such as location, character of the neighborhood, the nature of the use, extent and frequency of the injury, and the effect upon the enjoyment of life, health, and property of the plaintiff. 31 Tex.Jur. 424, § 13."

In Columbian Carbon Company v. Tholen, Tex.Civ.App., 199 S.W.2d 825, at page 828, (Writ Ref.), the court said:

"In Texas, contrarily to the appellant's view, it is not thought that negligence—in the sense and respects so insisted upon by it as being indispensable —is a requisite to liability for such a private nuisance as was found to have grown out of the voluntary, intentional conduct on the part of this appellant in operating its plant—situated as it was with reference to the appellee's home, with the consequences it knew were inevitably resulting and would indisputably continue to so result therefrom.

"To state the distinction another way, it is only where an act or a condition can become a nuisance solely by reason of the negligent manner in which it is performed or permitted, that no right of recovery can be shown independently of the existence of negligence, as appellant here contends. That rule is thus stated in 31 Texas Jurisprudence, page 421, Sec. 11:

" 'As a general rule, proof of negligence is not essential to imposition of liability for the creation or maintenance of a nuisance. That is so although the nuisance complained of may be the consequence of negligence. A nuisance does not rest on the degree of care used, but on the degree of danger or annoyance existing even with the best of care. Consequently, if a nuisance exists, the fact that due care was exercised against its becoming a danger or annoyance is no excuse. However, where the act or condition in question can become a nuisance only by reason of the negligent manner in which it is performed or permitted, no right of recovery is shown independently of the existence of negligence.' "

We hold that in cases of this character it is not necessary to plead and prove negligence.

 Appellant contends the court erred in overruling its objection to the definition of the term nuisance and in refusing to give its definition. Appellant objected to the court's definition because it constituted a comment upon the weight of the evidence and permitted a recovery against it while in the lawful use of its property in a reasonable manner and set forth in its objection what it considered a correct definition of the term. Appellees contend that appellant waived this objection because it did not request the court to give its suggested def-

inition and tender such definition to the court. Our Supreme Court in Yellow Cab & Baggage Company v. Green, 154 Tex. 330, 277 S.W.2d 92, has held contrary to appellees' contention. The court said:

"We hold that in a case where the trial court gives a definition or an instruction in connection with a special issue, and a party is not satisfied with the instruction or definition given, all that is necessary to be done by the complaining party is to file an objection to the court's instruction or definition specifically and clearly pointing out wherein it is claimed the given instruction or definition is insufficient or is in error. It is not necessary for the objecting party to tender with his objection a substantially correct instruction or definition. Rule 274, Vernon's Annotated Texas Rules of Civil Procedure."

Neither the definition given by the court nor the definition suggested by appellant are taken verbatim from Columbian Carbon Company v. Tholen, Tex.Civ.App., 199 S.W. 2d 825, but both are substantially the same as the one approved in that case. The definition given contained all the material elements of a proper definition.

Appellant contends the findings of the jury on the damage issues are excessive. We have considered this point in the light of all the facts and circumstances in the record and have concluded that such findings are not excessive. World Oil Company, Inc. v. Hicks, 129 Tex. 297, 103 S.W.2d 962; Dallas Railway & Terminal Company v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835; Gulf, Colorado & Santa Fe Ry. Co. v. DeLeon, Tex.Civ. App., 373 S.W.2d 886, (Writ Ref. N.R.E.).

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.