## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**West Virginia Secondary Schools
Activities Commission and David Price,
Executive Director,
Defendants Below, Petitioners**

**vs.)  No. 21-0836** (Logan County CC-23-2021-C-93)

**J.G.,
Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioners, the West Virginia Secondary Schools Activities Commission and its executive director, David Price[1], appeal the order of the Circuit Court of Logan County, entered on September 15, 2021, enjoining them from declaring Respondent J.G.[2] ineligible to participate in a school activity.[3] This case satisfies the "limited circumstances" requirement of Rule 21(d) of the

___

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current executive director has been substituted as the respondent in this action.

[2] We refer to respondent, a student when the underlying matter was initiated, by his initials. See, e.g., R. App. P. 40(e).

[3] Petitioners are represented by counsel Stephen F. Gandee of Robinson & McElwee PLLC. Respondent is represented by counsel D. Adrian Hoosier II. The resolution of this case was substantially delayed by respondent's counsel's ongoing failure to file a responsive brief or otherwise formally seek leave to withdraw as counsel. Prior to being held in contempt for failing to justify his noncompliance, and ultimately filing a summary response, respondent's counsel briefly responded to an order to show cause with a letter informing the Court that his client "takes no position on the [a]ppeal as the matter is moot." Counsel essentially communicated that Mr. G. enjoyed his 2021 football season before his grade point average rendered him, as of December 2022, ineligible for further athletic participation, and neither counsel nor client have further interest in the outcome of this appeal. We agree with petitioners, however, that though Mr. G. finished the 2021 football season, this matter remains worthy of our consideration.

Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented

Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for entry of an order consistent with this decision.

The West Virginia Secondary Schools Activities Commission's rules governing eligibility for participation in school athletics provide that "[a] student may have the privilege to participate in the interscholastic program for four consecutive years (eight consecutive semesters or equivalent) after entering the 9th grade." W. Va. Code R. § 127-2-5.1 (2020). They further provide that "[t]he number of semesters of athletic eligibility of a student is determined by semesters of enrollment and attendance and not by semesters of participation. (This applies for students in grades 9-12 only)." W. Va. Code R. § 127-2-5.4 (2020). These provisions are found in the "semester and season" rule.

Mr. G. entered the ninth grade of his education in the fall of 2017. He participated as a member of his school's football team each successive football season other than the one for the 2019-20 school year. Petitioners learned that Mr. G. began practicing with the football team in the summer of 2021, immediately preceding his fifth year of high school attendance. Because Mr. G. entered the ninth grade in 2017, and thereafter had four consecutive years to enjoy participation before the 2021-22 school year began, petitioners deemed him ineligible to participate in football that year or thereafter.[4]

On August 30, 2021, Mr. G. petitioned the Circuit Court of Logan County for a temporary restraining order or a writ of prohibition to prevent petitioners from deeming him ineligible.[5] In his petition, Mr. G. cited West Virginia Code of State Rules § 127-2-5.7, which provides:

---

so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. Pt. 1, *Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989). The second and third Israel considerations favor our resolving the question before us and we, thus, proceed to review the appeal.

[4] According to petitioners' brief, they informed Mr. G. of his ineligibility on August 30, 2021, and, at the same time, provided him detailed instructions about the review process. Petitioners fail to support this statement with a citation to the appendix record on appeal. West Virginia Rule of Appellate Procedure (10)(c)(7) requires an appellate brief to "contain appropriate and specific citations to the record on appeal[.]" "[T]he Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. R. 10(c)(7). We note, however, that Mr. G. does not dispute petitioners' statement, but instead simply argues that if he had followed the required procedure he "would [n]ot have been heard, at earliest, . . . until at least September 14, 2021."

[5] Mr. G. scheduled a hearing (for September 3, 2021, a Friday on which his high school's second football game of the season was scheduled) when he filed his petition with the circuit court,

2

The Board of Directors [of the West Virginia Secondary Schools Activities Commission] is authorized to grant a waiver to the Semester and Season Rule when it feels the rule fails to accomplish the purpose for which it is intended and when the rule causes extreme and undue hardship upon the student. Waivers may be granted in the following circumstances:

5.7.a. The Board of Directors is authorized to consider cases in which a student entering 9th grade did not stay in continuous enrollment because of personal illness, or no school was available, or because of other undue hardship reasons ascertained through investigation.

5.7.b. The Board of Directors may provide release from the continuous enrollment restriction provided no participation has occurred during the semester(s) in question.

5.7.c. In no event may a student be allowed to participate for more than four seasons in any one sport in grades 9-12.

However, Mr. G. did not cite this provision to convey that he sought a waiver from petitioner's board of directors; rather, he cited it to persuade the circuit court that it could grant him relief because he suffered "undue hardship" from having spent much of one of his eligible academic years in a juvenile detention center in another state. It is undisputed that Mr. G. did not follow the procedure described in this rule to allow the board of directors to consider his circumstances. Citing a failure to exhaust administrative remedies, petitioners opposed Mr. G.'s petition for a temporary restraining order or for a writ of prohibition. On September 15, 2021, the circuit court granted Mr. G. relief in the form of a preliminary injunction. The court declared the matter inactive on its docket, pending consideration by the board of directors. It does not appear that Mr. G. requested administrative review, or that the board of directors reconsidered petitioners' earlier determination.[6]

---

but he failed to provide notice to petitioners. His counsel appeared for the hearing. The court found that Mr. G. was not in danger of irreparable harm "as the game . . . was postponed" and it continued the hearing until September 7, 2021, and directed Mr. G. to serve petitioners.

[6] This case comes before us, apparently, without the entry of a final order. The circumstances suggest that this case is better suited for a petition for original jurisdiction relief. However, in our scheduling order entered on October 26, 2021, we informed the parties that "[a]ny motion to dismiss the appeal as interlocutory may be filed on or before November 8, 2021." No motion was filed, and we conclude that neither party objects to consideration of the merits of this direct appeal. This Court generally does not review interlocutory orders but we have recognized that a party may seek review of preliminary and temporary injunctions: "West Virginia Constitution, article VIII, section 3, which grants this Court appellate jurisdiction of civil cases in equity, includes a grant of jurisdiction to hear appeals from interlocutory orders by circuit courts relating to preliminary and temporary injunctive relief." Syl. Pt. 2, *State ex rel. McGraw v. Telecheck Servs., Inc.*, 213 W. Va. 438, 582 S.E.2d 885 (2003).

On appeal, petitioners assert four assignments of error. They argue that the circuit court erred in not requiring Mr. G. to exhaust his administrative remedies, in finding a notice of hearing on a petition for a temporary restraining order sufficient notice to issue a preliminary injunction, in issuing a preliminary injunction on its own motion, and in finding that Mr. G. showed that the requirements for issuing a preliminary injunction were met.

> "In reviewing the exceptions to the findings of fact and conclusions of law supporting the granting of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting the temporary injunction and the ultimate disposition under an abuse of discretion standard, *West v. National Mines Corp.*, 168 W.Va. 578, 590, 285 S.E.2d 670, 678 (1981), we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law *de novo*. Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syllabus Point 1, *State By & Through McGraw v. Imperial Mktg.*, 196 W. Va. 346, 472 S.E.2d 792 (1996).

Syl. Pt. 2, *Northeast Nat. Energy LLC v. Pachira Energy LLC*, 243 W. Va. 362, 844 S.E.2d 133, 135 (2020).

We find that the circuit court abused its discretion in granting Mr. G. a preliminary injunction. We recently articulated a standard for circuit courts to use when considering motions to grant injunctive relief:

> The customary standard applied in West Virginia for issuing a preliminary injunction is that a party seeking the temporary relief must demonstrate by a clear showing of a reasonable likelihood of the presence of irreparable harm; the absence of any other appropriate remedy at law; and the necessity of a balancing of hardship test including: (1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest.

*Id.* at 366, 844 S.E.2d at 133 (*quoting Imperial Mktg.*, 196 W. Va. at 352 n.8, 472 S.E.2d at 798 n.8).

Here, the circuit court inappropriately granted Mr. G. preliminary, injunctive relief because Mr. G. could not succeed on the merits of his case. A fundamental basis of our school activities jurisprudence is that the manner in which the Secondary Schools Activities Commission applies its rules is not subject to judicial review:

> Decisions properly within the purview of the legislative grant of authority to the West Virginia Secondary Schools Activities Commission under West Virginia Code § 18-2-25 (2008), such as the application of [West Virginia Secondary Schools Activities Commission] Rules and the review of calls or rulings made by game officials, are not subject to judicial review.

Syl. Pt. 3, *State ex rel. W. Va. Secondary Sch. Activity Comm'n v. Webster*, 228 W. Va. 75, 717 S.E.2d 859 (2011). The determination about "*how* the [s]emester and [s]eason [r]ule should be applied to determine whether an individual student is eligible to participate in a sanctioned activity and whether a waiver of the Rule is warranted" falls within that purview. *See State ex rel. W. Va. Secondary Sch. Activities Comm.n v. Sweeney*, No. 22-0268, 2022 WL 17069200, at *4 (W. Va. Nov. 17, 2022) (memorandum decision) (emphasis added).

In *Sweeney*, a high school athlete unsuccessfully challenged petitioners' board of directors' denial of a waiver that would effectively grant him a fifth year of athletic eligibility after the athlete (who had an impressive 4.0 grade point average) decided to repeat his final high school year because many of his tenth-grade year experiences—including his entire baseball season—were lost to the COVID pandemic. As in *Sweeney*, Mr. G. did not challenge the validity of the semester and season rule, but instead the manner in which petitioners applied it. Moreover, while the student-athlete in *Sweeney* failed to produce to this Court an administrative record that would allow the Court to consider the fundamental fairness of the board of directors hearing, Mr. G. failed even to present his concerns at an administrative hearing. Though Mr. G. might have sought a waiver for reasons different than those of the athlete in *Sweeney*, the result is the same. In both cases the circuit court improperly assessed the manner in which petitioners applied activities eligibility rules, and the circuit court invaded the authority of the commission.

As noted above, the parties agree that this matter is moot because Mr. G. has completed both his athletic and academic careers in the West Virginia secondary school system. While we find that the preliminary injunction was improvidently granted by the circuit court and must be vacated, we further direct that the circuit court dismiss this matter from its docket because it is undisputed that the controversy between the parties is no longer live.

For the foregoing reasons, we vacate and remand with directions.

Vacated and remanded, with directions.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice William R. Wooton